UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MONIQUE HELEN BRYANT,

    Plaintiff,

v().

MACOMB COUNTY, municipality
DEPUTY MICHAEL RODOLFO,
individually and in his representative capacity, and
DEPUTY ADAM DONOFRIO,
individually and in his representative capacity,

    Defendants.

Case No. 2:21-cv-21-10021
Hon.

___

CHRISTIAN P. COLLIS (P54790)
Giroux Trial Attorneys
Attorney for Plaintiff
28588 Northwestern Hwy., Suite 100
Southfield, MI 48034
(248) 531-8665 / (248) 782-5530 Fax
ccollis@greatMIattorneys.com

___

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

    There no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

            */s/ Christian P. Collis*
        Christian P. Collis (P54790)

NOW COMES the Plaintiff, MONIQUE HELEN BRYANT, by and through her attorneys, GIROUX TRIAL ATTORNEYS, PC, and for her Complaint against the above named Defendants, states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and under the laws of the United States Constitution, particularly under the provisions of the Fourth Amendment of the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

2. This Court has jurisdiction of this cause under the provisions of Title 28 of the United States Code, sections 1331 and 1343.

3. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391. All Defendants reside and may be found in the Eastern District of Michigan and all of the events giving rise to these claims occurred in this district.

4. That Plaintiff brings this suit against each and every Defendant in their individual and official capacities.

5. That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the State of Michigan, and by virtue of, and under the authority of, each individual Defendants' employment with the Macomb County.

## PARTIES

6. Plaintiff, MONIQUE HELEN BRYANT (Hereafter BRYANT), is a citizen of the State of Michigan and resident of Bruce Township, Macomb County, Michigan.

7. At all material and relevant times, Defendant, MACOMB COUNTY was and is a municipal corporation duly organized as such and carrying on governmental functions within Macomb County within the State of Michigan, including the formation, organization, and operation of the Macomb County Sheriff's Office in which Defendants were both employed in the City of Mt. Clemens, County of Macomb, State of Michigan.

8. At all times relevant, DEPUTY MICHAEL RODOLFO (hereinafter referred to as "RODOLFO") was a police/peace officer employed by MACOMB COUNTY in the department of the Macomb County Sheriff's Office, acting under color of state law and is being sued in his individual and representative capacities.

9. At all times relevant, DEPUTY ADAM DONOFRIO (hereinafter referred to as "DONOFRIO") was a police officer employed by MACOMB COUNTY in the department of the Macomb County Sheriff's Office, acting under color of state lawand is being sued in his individual and representative capacities.

10. That the amount in controversy exceeds the amount of $75,000.00, and pursuant to 28 U.S.C. 1332, this action is otherwise within the jurisdiction of this Court.

### COMMON ALLEGATIONS

11. On or about January 7, 2019, Plaintiff, MONIQUE HELEN BRYANT, was driving northbound on Van Dyke in Washington Township, County of Macomb, Michigan.

12. On January 7, 2019, BRYANT was pulled over by Defendants RODOLFO and DONOFRIO for allegedly failing to come to a complete stop prior to turning onto southbound Van Dyke.

3

13. Plaintiff Bryant complied with the Defendants RODOLFO and DONOFRIO's request for her to complete multiple field sobriety tests, including the HGN, Walk and Turn and One Leg Stand. Ms Bryant successfully performed all tests administered.

14. Defendants RODOLFO and DONOFRIO had Ms. Bryant submit to a PBT and the results were .06.

15. Defendant RODOLFO informed BRYANT that she was not being arrested, but was receiving a citation for failing to yield and she could return to her vehicle.

16. On January 8, 2019 while writing up the citation in their patrol vehicle, Defendants RODOLFO and DONOFRIO decided they would like to search Bryant's vehicle.

17. While Defendant DONOFRIO was in the patrol car, Defendant RODOLFO approached BRYANT and requested to search her vehicle. BRYANT refused the request and RODOLFO returned to his patrol vehicle.

18. RODOLFO returned to the patrol vehicle and informed DONOFRIO that BRYANT refused to consent to search her vehicle.

19. While on tape, Defendants RODOLFO and DONOFRIO decided that they would simply arrest BRYANT so that Defendants RODOLFO and DONOFRIO could conduct the illegal search of BRYANT's vehicle.

20. BRYANT was subsequently arrested and deputies searched the vehicle. She was then transported to the Macomb County Sheriff's Office.

21. After the arrest, Defendants RODOLFO and DONOFRIO conducted an illegal search of her vehicle.

22. At the Macomb County Sheriff's Office on January 8, 2019, two Datamaster tests were administered. The results of which were 0.04 and 0.04.

23. During the unlawful search, Defendants RODOLFO and DONOFRIO allegedly discovered four and a half pills of Adderall and three pills of Oxycontin.

24. As a result, BRYANT was charged with Felony possession of a Controlled Substance, Operating While Impaired due to consumption of alcohol and second offense of operating while impaired stemming from a 2014 plea or conviction.

25. BRYANT remained in the Macomb County jail for two days.

26. During her arraignment as part of her condition for release, Bryant was required to test for drugs and alcohol twice a week at a cost of $20.40 per week. BRYANT's vehicle was impounded and subject to forfeiture, Bryant retained an attorney at a cost of $7,500.00. Bryant was without a vehicle for one month. The cost to have the vehicle returned was $1,200.00.

27. On June 26, 2019 upon hearing on BRYANT's Motion to Suppress the unlawful vehicle search, Judge Viviano of the Macomb County Circuit Court dismissed all the charges and found that the search of the vehicle was illegal as was the datamaster results.

## COUNT I
## FEDERAL CLAIM-MUNICIPAL LIABILITY

28. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 27 above with the same force and effect as if herein set forth.

29. At all time relevant to this lawsuit, BRYANT had a right under the due process clause of the state and federal constitutions not to be deprived of her life, liberty or property.

30. At all times relevant, Defendant, MACOMB COUNTY, through its appointed officials, employees, agents and/or representatives, knew or should have known that the training and supervision of the Defendants RODOLFO and DONOFRIO was inadequate for the tasks that the deputies were performing, as described in the preceding paragraphs.

31. At all times relevant, there was a complete failure to train and supervise the Defendants RODOLFO and DONOFRIO and/or the training and supervision of the Defendants RODOLFO and DONOFRIO was so reckless that future violations of the individuals' rights to not to be deprived of her life, liberty or property are inevitable or substantially certain to result, as described in the preceding paragraphs.

32. At all times relevant, Defendant, MACOMB COUNTY, was on notice that the training and/or supervision of the deputies with regard to the individuals' rights to not to be deprived of her life, liberty or property was deficient and likely to cause injury, as described in the preceding paragraphs.

33. At all times relevant, Defendant MACOMB COUNTY's response to this knowledge was so inadequate as to show a complete disregard for whether the deputies would violate the individuals' rights to not to be deprived of her life, liberty or property .

34. At all times relevant to this lawsuit, MACOMB COUNTY did have a custom of practice within the sheriff's department of failing to adequately train and/or supervise its deputies.

35. These failures to adequately train and/or supervise were evident by the year and years of deputies misconduct that went unnoticed and undisciplined.

36. MACOMB COUNTY, by facilitating a custom and/or practice of corruption and misconduct as well as failing to adequately train and/or supervise acted as the "moving force" behind the deprivation of BRYANT'S constitution rights.

37. There is a direct causal link between the customs and/or practices and the injuries that BRYANT has suffered.

38. As a direct and proximate result of MACOMB COUNTY's customs and/or practices and Defendants RODOLFO and DONOFRIO misconduct specifically, BRYANT has suffered damages and will continue to suffer damages in the future, including but not limited to the following:

   a. annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest until dismissal;

   b. loss of dignity;

   c. loss of reputation;

   d. The legal expense incurred by Bryant to defend herself against the frivolous criminal charges prosecuted against her;

   e. The cost of drug and alcohol testing;

   f. The cost and loss of use of her vehicle;

   g. Lost Wages and/or Earning Capacity;

   h. Compensatory and punitive damages; and

   i. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a Judgment in her favor and against the defendants in an amount in excess of $75,000.00 and exclusive of costs, interest, and attorney fees.

## COUNT II
## VIOLATIONS OF 42 U.S.C. 1983: FALSE DETENTION, ARREST, IMPRISONMENT AND CONFINEMENT

39. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 38 above with the same force and effect as if herein set forth.

40. As a result of their unlawful detention and confinement of BRYANT, Defendants RODOLFO and DONOFRIO deprived BRYANT of her right to liberty without due process of law, her right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. sec. 1983.

41. That the action and omission of acts by all Defendants under 42 USC Section 1983 was unreasonable and performed knowingly, deliberately, intentionally, maliciously, with gross negligence, callousness, and reckless indifference to BRYANT'S well being and in disregard of BRYANT'S safety, with wanton disregard for her right to liberty and freedom of movement, failed to follow promulgated police policies for lawful detention, arrest and imprisonment of citizens, and failed to properly train, supervise, develop and implement policies to prevent the unlawful and wrongful termination of her liberties and, by reason of which, Plaintiff is entitled to compensatory and punitive damages.

42. That the conduct of Defendants RODOLFO and DONOFRIO was pursuant to, and in execution and implementation of, officially sanctioned policies, practices, ordinance, regulations, or customs of Defendant MACOMB COUNTY, and each of the named Defendants exhibited a deliberate indifference by intentional acts, gross negligence and/or engaging in omissions to breach BRYANT's civil liberties and freedoms and causing constitutional deprivation of her individual rights, to wit:

    a. Failure to properly train police officers and detention officers in the proper identification of a suspected criminal. Such omitted training was a grossly negligent and reckless act that amounted to a deliberate indifference to, and was in violation of, BRYANT'S constitutional rights.

    b.    Failure to hire individuals whose character and personality would not pose a potential danger to the residents and guests of MACOMB COUNTY and BRYANT.

    c.    Failure of MACOMB COUNTY to discipline, investigate, and/or discharge any officers involved in the wrongful detention, arrest and imprisonment which ratifies and/or condones any officers' unconstitutional conduct.

    d.    Failure to train and inadequate training in the proper amount of force to be utilized for citizens, arrestees and/or detainees.

    e.    Knowingly and recklessly hiring and training as police officers and detention officers individuals who were not able to distinguish between accused criminals and innocent citizens.

    f.    Knowingly and recklessly failing to discipline, instruct, supervise or control officers' conduct, thereby encouraging acts or omissions that contributed to the arrest of BRYANT.

    g.    That the individual officers failed to check files and computer information available to them that would have given them pertinent information on Roderick Siner.

    h.    That all Defendants, including officials, supervisors, and officers individually and as agents for Defendant MACOMB COUNTY, personally participated in the implementation, execution, and omission of the official policies, training, ordinances, regulations, and/or customs referred to above.

    i.    That all officials, supervisors, and officers had a duty to adequately train and supervise all police officers and detention officers who had a duty to act reasonably and without deliberate indifference the civil liberties and freedoms of BRYANT.

43.    That as a direct and proximate result of the aforementioned unlawful conduct and omissions of Defendants, Plaintiff suffered fear, pain, anguish, and the following damages:

    a.    annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest until dismissal;

    b.    loss of dignity;

    c.    loss of reputation;

    d.    The legal expense incurred by Bryant to defend herself against the

frivolous criminal charges prosecuted against her;

e. The cost of drug and alcohol testing;

f. The cost and loss of use of her vehicle;

g. Lost Wages and/or Earning Capacity;

h. Compensatory and punitive damages; and

i. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT III
## FEDERAL CLAIM - MALICIOUS PROSECUTION

44. Plaintiff repeats and realleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45. Pursuant to 42 U.S.C. sec. 1983, as well as the 4th, 8th and/or 14th Amendments to the United States Constitution, individuals are protected from criminal prosecution without probable cause.

46. A criminal prosecution was initiated by Defendants RODOLFO and DONOFRIO.

47. Defendants RODOLFO and DONOFRIO influenced an/or participated in the prosecution against BRYANT when they intentionally and deliberately, or with a reckless disregard for the truth, made false statements, material misrepresentation and/or omissions in the search warrant, affidavit and or other documents.

48. Defendants RODOLFO and DONOFRIO's false statements and or false actions were material in establishing probable cause to prosecute BRYANT.

49. BRYANT suffered a deprivation of liberty as a consequence of the legal proceeding because she was jailed for two days.

50. The criminal proceedings against BRYANT were ultimately resolved in her favor when her case was dismissed.

51. The protection from criminal prosecution without probable cause is a clearly established constitutional right of which a reasonable person would have known.

52. Defendants RODOLFO and DONOFRIO's actions were objectively unreasonable considering this clearly established constitutional rights.

53. As a direct and proximate result of the Defendants RODOLFO and DONOFRIO's misconduct specifically, BRYANT has suffered damages and will continue to suffer damages in the future, including but now limited to the following:

    a. annoyance, vexation, and humiliation suffered by plaintiff from the inception of the arrest until dismissal;

    b. loss of dignity;

    c. loss of reputation;

    d. The legal expense incurred by Bryant to defend herself against the frivolous criminal charges prosecuted against her;

    e. The cost of drug and alcohol testing;

    f. The cost and loss of use of her vehicle;

    g. Lost Wages and/or Earning Capacity;

    h. Compensatory and punitive damages; and

    i. Any and all other damages otherwise recoverable under USC Section 1983 and Section 1988.

WHEREFORE, Plaintiff demands judgment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

                                      Respectfully submitted,

                                      **/s/*Christian P. Collis***
                                      CHRISTIAN COLLIS (P54790)
                                      Giroux Trial Attorneys
                                      Attorney for Plaintiff
                                      28588 Northwestern Highway, Suite 100
                                      Southfield, Michigan 48034
                                      (248) 531-8665

Dated: January 6, 2021                  ccollis@greatMIattorneys.com

## **REQUEST FOR JURY TRIAL**

Plaintiff, by and through his attorneys, Giroux Trial Attorneys, PC, hereby requests a trial by jury in the above-captioned matter.

                                      Respectfully submitted,

                                      **/s/*Christian P. Collis***
                                      CHRISTIAN COLLIS (P54790)
                                      Giroux Trial Attorneys
                                      Attorney for Plaintiff
                                      28588 Northwestern Highway, Suite 100
                                      Southfield, Michigan 48034
                                      (248) 531-8665

Dated:  January 6, 2021                 ccollis@greatMIattorneys.com

**PROOF OF SERVICE**

I hereby certify that on January 6, 2021, the above document was served upon the court via the Pacer electronic filing system. I declare under the penalty of perjury that the foregoing is true and accurate to the best of my knowledge and belief.

*/s/ Adonica Dawkins*
Adonica Dawkins